UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DIANE LIMON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Adminstration,<br><br>　　　　Defendant, | ) CV 10-1589-SH<br>)<br>) MEMORANDUM DECISION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the

1

court to enter judgment upon the pleadings and transcript of record before the Commissioner. Plaintiff and defendant have filed their pleadings (Plaintiff's Brief with Points and Authorities in Support of Remand or Reversal ["Plaintiff's Brief"]; Defendant's Brief with Points and Authorities in Opposition to Plaintiff's Request for Remand or Reversal ["Defendant's Brief"], and defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On November 29, 2007, plaintiff protectively filed an application for supplemental security income, alleging disability beginning May 1, 2002, due to a herniated lumbar disk in the lower back, anemia, and high blood pressure. (Administrative Record ["AR"] 103-09). The claim was initially denied on February 26, 2008 and again upon reconsideration on April 24, 2008. Id. On November 6, 2009, the ALJ determined that the plaintiff was severely impaired by a herniated lumbar disk and obesity but was not disabled within the meaning of the Social Security Act. Id. Following the Appeals Council's denial of plaintiff's request for review of the hearing decision (AR 1-3), plaintiff filed an action in this court.

Plaintiff makes two challenges to the ALJ's decision denying benefits. Plaintiff alleges that the ALJ erred in (1) improperly relying on the opinion of the vocational expert ("VE") regarding the number of jobs available to plaintiff in the national economy; and (2) rejecting the testimony of plaintiff's treating physician. For the reasons discussed below, the Court concludes that the decision of the Commissioner should be affirmed.

Each of plaintiff's contentions will be addressed in turn.

ISSUE NO 1: <u>Whether the ALJ properly relied on the VE's opinion of the number of jobs available to plaintiff in the national economy.</u>

Plaintiff contends that the ALJ did not properly rely on the opinion of the VE because the ALJ only asked whether jobs exist for an individual with plaintiff's limitations. Plaintiff asserts that the ALJ erred by failing to pose a separate question to the VE regarding whether there was a significant number of jobs available to plaintiff in the national economy. (Plaintiff's Brief 3). Defendant contends that the ALJ properly relied on the VE's opinion of the number of available jobs because the VE stated that an individual with plaintiff's limitations would be able to perform light occupational work that exists in significant numbers. (Defendant's Brief 3).

After consideration of the entire record, the ALJ found that the plaintiff had the RFC to perform light work as defined in 20 CFR 416.967(b). (AR 11). To determine the extent to which plaintiff's limitations erode the unskilled light occupational base, the ALJ asked the VE whether jobs exist in the national economy for an individual with plaintiff's age, education, work experience and RFC. (AR 14). The VE testified that such an individual would be able to hold jobs as a sales attendant, 9,900 jobs available locally and 120,000 jobs nationally, a laundry worker, 2,900 jobs available locally and 34,000 jobs nationally; and a cleaner/housekeeper, 9,500 jobs available locally and 115,000 jobs nationally. (AR 14-15).

In order for the VE's testimony to constitute substantial evidence, the hypothetical question posed by the ALJ must "consider all of the claimant's limitations." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1044 (9th Cir. 1995). However, the ALJ need not include limitations that he does not deem credible. See <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1165 (9th Cir. 2001). Therefore, a hypothetical question that

includes all of the plaintiff's limitations typically constitutes substantial evidence. See Id.

Here, the ALJ properly relied on the VE's opinion of the number of jobs available to plaintiff. The ALJ presented the VE with a hypothetical that contained all of plaintiff's limitations, and the VE enumerated significant figures regarding the number of jobs available to an individual given these factors. (AR 14-15). Contrary to plaintiff's assertion that hypotheticals must be presented to the VE in two separate subparts, plaintiff does not cite any authority for the proposition that an ALJ must present the hypothetical separately to accurately discern whether a significant number of jobs exist. In any event, the decision to combine both elements of the hypothetical was harmless considering the ALJ had substantial evidence that plaintiff is capable of performing work which exists in significant numbers. See Carmickle v. Commissioner 533 F. 3d 1155, 1162 (9th Cir. 2008). Thus, the ALJ properly relied on the VE's opinion regarding the number of jobs available to plaintiff in the national economy.4

ISSUE NO. 2: Whether the ALJ properly rejected the opinion of plaintiff's treating phyisican.

Plaintiff next asserts that the ALJ improperly rejected the opinion of Dr. Lua, plaintiff's treating physician, whose signature could be verified by matching it to records that bear his typed name and signature. Plaintiff also contends that the case should be remanded to reconsider whether Dr. Lua's RFC finding is supported by the treatment records. Defendant asserts that the ALJ properly rejected the treating physician's opinion because the signature was not verifiable, and his ultimate RFC finding was not supported by treatment notes or any clinical evidence.

In considering plaintiff's claim, the ALJ concluded that plaintiff's impairments could be reasonably expected to cause the alleged symptoms but that the intensity, persistence and limiting effect of these symptoms were not credible to the extent which they foreclosed basic light work activity. (AR 11). The ALJ gave significant weight to the opinions and testimony of Dr. Joseph E. Jensen, M.D., an impartial medical expert who had reviewed the entire record and listened to plaintiff's testimony. Id. Dr. Jensen was of the opinion that plaintiff's impairments would not preclude the RFC to perform light work. (AR 11-12).

The ALJ determined that Dr. Jensen's opinion was well supported by the medical evidence of record. Id. On April 1, 2006, plaintiff underwent orthopedic examination by Dr. Kambiz Hannai, M.D.,a board certified orthopedic surgeon. (AR 162-165). Similar to Dr. Jensen, Dr. Hannai was of the opinion that plaintiff possessed the RFC to perform light work. Id. On February 12, 2008, plaintiff underwent another orthopedic consultation by Dr. Bunsri Sophon, M.D., a board certified orthopedic surgeon. (AR 166-173). Dr. Sophon was of the opinion that plaintiff was capable of medium extertional work. Id. Nine days later, Joseph Hartman, M.D., the State agency's physician, completed an RFC assessment and also concluded that plaintiff was generally capable of performing medium exertional work. (AR 173-177).The ALJ rejected the opinions of Dr. Sophon and Dr. Hartman because they were inconsistent with the rest of the medical evidence. (AR 13).

Finally, the treating physician, Dr. Jesus Lua, M.D., saw plaintiff for back pain, high blood pressure, and hernia consultations every four months from June 2007 to December 2008. (AR 192-198). In these records, there was a RFC assessment, dated August 18, 2008, that states plaintiff was unable to perform light work. (AR 188-191). However, the signature in this assessment was illegible,

unverifiable, and not supported by any of the treating notes. (AR 13). Thus, the ALJ deemed that this RFC finding had little or no probative value. Id.

As for credibility, the ALJ determined that plaintiff's allegation of disability was not reliable. Id. Plaintiff testified that she had abdominal pain from hernia bulges and had not undergone surgery because she was not satisfied with the consulting physicians. Id. However, plaintiff denied any abdominal pain to Dr. Mullangi in October of 2009 and claimed she wanted to consider hernia surgery because she did not have any pain, nausea or vomiting. Id. Moreover, at the hearing, plaintiff admitted that she was capable of working eight hours a day as long as the work was light. Id. at 14. Considering these discrepancies, the ALJ found plaintiff's allegation of disability not fully credible. Id.

In reviewing disability claims, an ALJ considers three types of medical opinions: those from treating physicians, examining physicians, and non-examining physicians. Valentine v. Comm'r of Soc. Sec., 574 F.3d 685, 692 (9th Cir. 2009). A plaintiff's treating physician's opinion is entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the plaintiff as an individual. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may only reject this opinion when she provides specific, legitimate reasons, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Orn v. Astrue 495 F.3d 625, 632 (9th Cir. 2007).

However, treating physicians' opinions will not be accorded more weight if they are conclusory or not supported by medical evidence. Batson v. Comm'r of Soc. Sec., 359 F. 3d 1190, 1195 (9th Cir. 2004); see Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2011) (ALJ permissibly rejected treating physician's opinion

when opinion was inconsistent with treatment reports); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinion because it was a check-off report that did not contain any explanation for its conclusion). Moreover, the ALJ may disregard the treating physician's opinion if it relied heavily on the patient's descriptions of her symptoms and the patient's statements have been deemed unreliable. See Andrews v. Shalala, F.3d 1035, 1053 (9th Cir 1995).

The second level of medical opinion is that of the consultative medical examiner. The opinion of the consultative medical examiner, if supported by clinical tests and observations upon examination, is substantial evidence and may be relied upon by the ALJ in order to determine plaintiff's RFC. Id. at 1043. Where the opinion of plaintiff's treating physician is contradicted, and the opinion of a non-treating source is based on independent clinical findings that differ from those of the treating physician, "it is the sole province of the ALJ to resolve the conflict". Id. Therefore, the examining physician's opinion may constitute substantial evidence when it rests on his own independent examination of the patient. See Tonapetan v. Halter, 242 F.3d 1144, 1149 (9th Cir 2001).

Finally, the third level of medical opinion is provided by the non-examining physician. Non-examining physicians' opinions "with nothing more" cannot constitute substantial evidence; however, the non-examining advisor's report "may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it." Andrews, F.3d at 1041.

Here, the ALJ properly rejected the opinion of Dr. Lua, plaintiff's treating physician. Because Dr. Lua's more restrictive RFC assessment was inconsistent with his own treatment notes, the examining physician opinion of Dr. Hannai, and the impartial medical opinion of Dr. Jensen, the ALJ was not required to afford his

7

opinion any special weight. (AR 188-192); See <u>Rollins</u> 261 F.3d at 856. Furthermore, the ALJ had grounds to disregard Dr. Lua's opinion because his assessment seemed to rely heavily on plaintiff's descriptions of her own pain---statements that the ALJ had deemed to lack credibility. See <u>Brawner v. Secretary of HHS</u> 839 F.2d 432, 433-34 (9th Cir. 1987) (medical opinion based on claimaint's complaints was properly rejected because plaintiff's pain testimony was discredited). Since plaintiff has not challenged the ALJ's credibility finding, the ALJ was correct in concluding Dr. Lua's opinion deserved little credence. <u>Id.</u> Considering it was within the "sole province" of the ALJ to resolve these discrepancies, it becomes unnecessary to determine whether the signature on the RFC assessment is in fact that of Dr. Lua's. Because the ALJ properly found that Dr. Jensen's RFC finding was supported by the record and consistent with the opinion of Dr. Hannai, the ALJ had substantial evidence to conclude plaintiff was capable of performing light work and therefore not disabled. <u>Andrews</u>, F.3d at 1041.

## CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

DATED: June 8, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE